DISTRICT COURT
DISTRICT OF MASS.

DURAN IRVIN, A SUFFOLK
HOUSE OF CORRECTION INMATE

   Plaintiff,

VS.

ANDREA CABRAWL, Sheriff at the
SUFFOLK HOUSE OF CORRECTION
MARY MASTROBILLI, Superintendent
OF THE SUFFOLK HOUSE OF CORRECTION

   Defendants

C.A. NO. _____

## CIVIL RIGHTS COMPLAINT
### WITH A JURY DEMAND

1. This is a §1983 civil action filed by a Suffolk House of Correction Inmate Duran Irvin, alledging violation of his Constitutional Rights, and seeking money damages, Declaratory Judgement, and Injunctive relief. The Plaintiff requests a Trial by Jury.

### JURISDICTION

2. This is a civil rights action under 42 U.S.C. § 1983. This Court has Jurisdiction under 28 U.S.C. § 1343. Plaintiff also invokes the Pendent Jurisdiction of this Court

custody of The Sheriff's Department (S.H.O.C.).

4. Defendant, Andrea Cabranal, Is The Sheriff of The Suffolk County House of Correction (S.H.O.C.) and is responsible for The Operation and management of all staff and personnel Thereof. She is being sued in her Individual and Official Capacities.

5. Defendant, Mary Mostroili, Is The Superintendent of The Suffolk House of Correction (S.H.O.C.) and is responsible for overseeing The staff and personnel Thereof. She is being sued In her Individual Capacities.

6. All Defendants have acted under "COLOR OF STATE LAW" During all Times relevant to this Complaint.

7. At approximately 1 P.M. on July 24, of 2003, plaintiff submitted an Inmate Marriage request in the form of a letter to defendant Mr. Joe Crosby, who is responsible for arranging inmate marriages at the Suffolk House of Correction. In which the plaintiffs Fiancee also submitted a letter to Mr. Joe Travis at his place of employment, requesting on how to go about becoming married, in which Mr. Joe Travis failed to respond to such correspondence.

8. On July 27, of 2003, the plaintiff spoke to an undersigned Case Worker while he was housed in the Newmans unit, concerning several letters that he addressed to the attention of Mr. Joe Travis concerning the plaintiffs intention on getting married and that he the plaintiff has not either received a response to his letters or spoken to Mr. Joe Crosby, in which the Case Worker volunteered to address the plaintiffs concerns to Mr. Joe Crosby.

9. On or around August of 2003, the unit Case Worker informed the the plaintiff that she had spoken to the defendant Mr. Joe Crosby and that he had agreed to come speak with the plaintiff later on that day in which he failed to do so.

10. On August  , of 2003, the plaintiff submitted a written complaint in the form of an Institutional Grievance to the Superintendent Ms. Mary Mastromilli who is also a named defendant, complaining about defendants Mr. Joe Crosby's failure to take appropriate steps to assist plaintiff in his request to get married. and that the plaintiff has submitted several letters to the attention of defendant Joe Crosby which has gone unanswered.

mary mastronilli, denying the plaintiff's grievance by falsely accusing him of already be married to his Fiancee, and that upon plaintiff's incarceration, he stated to an unamed booking officer that he was married.

12. On August , of 2003, The plaintiff received a letter from defendant mary mastronilli, who is the Superintendent addressing that her department was in receipt of the plaintiff's correspondence dated July 23, 2003, and that my Request to be married was denied under the False Assertion That There Were paper work in their custody, entailing That I stated to an unknown correction officer upon plaintiff's admission he was married.

13. The plaintiff who has never been married before and has tryed to clear up The misconceptions In Good Faith, by directing letters to the defendants addressing to Them That The plaintiff upon his admission never stated to anyone he was married, but that he did infact have a Fiancee who does visit him on a regular basis when visiting hours permitted her to do so.

14. The plaintiff has not received from either defendants a legitimate reason other Than Their first response, why the plaintiff continues to be denied the right to marry when Their assumptions are based on heresay and no factual support whatsoever, and That The defendants continued denial of plaintiff's request to marry, does not conform to institution policy, but That it is more of a personal decision Implemented to discourage plaintiff's further attempts to marry.

acts cont. **15.** The Plaintiff who is presently residing in the (3-B) Therapeutic) brig unit, a program structured unit in which Inmates who attend such programs, can earn up to at least 7.5 days of earned Good Time, has attended all obligated meetings, entertained an Institutional employment in The Law Library, and has been a modeled "Prisoner" disciplined free. And That The plaintiff does not pose a threat to the orderly operation of Said Institution; if defendants were to allow Plaintiff To marry.

End of FACTS

12. The actions of the defendants stated in Paragraphs 1 through 11, violated plaintiff's due process of Law in violation of The Fourteenth Amendment.

13. The actions of The defendants stated in Paragraphs 1 through 11, denied plaintiff his First and Fourteenth Amendment right to getting married was violated when defendants unjustly deprived the plaintiff without no penological justification.

14.                     SECOND CAUSE OF ACTION

The actions of The defendants stated in Paragraphs 1 through 11, violated state Law of prejudice and Discrimination and violating the regulations of The Suffolk House of Correction with respect to the Lawful use of Discrimination when:

   A. He was not afforded the right to marry under the Constitution due to defendants failure to exercise proper procedures governing Inmate marriages.

   B. He was discriminated against because of him exercising his fundamental rights enjoined upon him by his constitutional protections.

15.                     THIRD CAUSE OF ACTION

Plaintiff alleges that defendants Labrawl and Mastrorilli, violated state Law of Conversion and the Regulations of The Suffolk County House of Correction with respect to handling of prisoners grievances and their right to marriage.

                        RELIEF

Wherefore, The Plaintiff requests this Honorable Court

2. Interfered with plaintiff's constitutional right to marry by implementing their own personal assumptions;

3. Disciplined plaintiff without due process for exercising his right to freedom of expression.

B. Issue an Injunction ordering the defendants or their agents to:

1. Refrain from harrassing or Discriminating against plaintiff;

2. To implement an order forcing the Defendants to follow Institutional policies regarding Inmate marriages.

Refrain from any further violations of the plaintiff.

C. Grant Compensatory damages in the following amount:

1. $500,000 Against defendant Dubrowi;

2. $500,000 Against defendant Mastroianni;

D. Grant Punitive damages of $350,000 Against each of the defendants.

E. Grant Such other relief as it may appear plaintiff is entitled.

Respectfully Submitted

Mr. Duran Irvin, Pro Se

Mr. Duran Irvin, Pro Se
25 Bradston St.
Boston, Ma. 02118

Dated: 1-17-04